**MEI ZHEN ZHANG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–5167–ag.**

United States Court of Appeals,
Second Circuit.

Aug. 18, 2006.

Mei Zhen Zhang, pro se, Brooklyn, NY, for Petitioner.

Present: GUIDO CALABRESI, SONIA SOTOMAYOR and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Mei Zhen Zhang, a native and citizen of China, seeks review of an August 30, 2005 order of the BIA affirming the March 24, 2004 decision of Immigration Judge ("IJ") Paul A. DeFonzo, which denied petitioner's application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT"), and found her application to be frivolous. *In re Mei Zhen Zhang*, No. A97–385–057 (BIA Aug. 20, 2005), *aff'g* No. A97–385–057 (Immig. Ct. N.Y. City March 24, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

We find that the IJ's adverse credibility finding was supported by substantial evidence. Zhang was clearly inconsistent about whether she was living with her boyfriend, and whether that was in a location other than her parents' home. In addition, Zhang was inconsistent with her father's letter regarding when the alleged abortion took place. More notably, however, Zhang's passport indicates that she was not even in China on the date that she said she was forcibly taken for an abortion. Zhang was also inconsistent about whether she knew an IUD had been inserted after the abortion procedure. The IJ was reasonable in questioning Zhang's fear of sterilization, considering she was never threatened with sterilization in the hospital, or anywhere else in China. Lastly, the IJ was reasonable in relying on the inconsistencies between Zhang's testimony and her airport interview. *See Yun–Zui Guan*

*v. Gonzales,* 432 F.3d 391, 396, 399 n. 8 (2d Cir.2005).

Because all of the IJ's adverse credibility factors are supported by the record, and because all of the factors go to major issues in Zhang's claims, the IJ reasonably denied Zhang's asylum claim on adverse credibility grounds. Moreover, because Zhang's withholding of removal claim is based on the same facts as her asylum claim, the IJ was reasonable in also denying this claim on adverse credibility grounds. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

Zhang argues in her brief that the IJ should have granted her CAT claim. Even if Zhang's single sentence is sufficient to raise this issue, she did not raise any arguments regarding her CAT claim in her brief to the BIA. Accordingly, her CAT claim is not exhausted and this Court lacks jurisdiction to review it. 8 U.S.C. § 1252(d)(1); *see Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006).

■ We, however, grant the petition for review and remand the case to the BIA with respect to the IJ's finding that petitioner's application was frivolous. In *Yuanliang Liu v. U.S. Dep't of Justice,* 455 F.3d 106 (2d Cir.2006), we remanded a finding of frivolousness to the BIA for the development of standards for determining when an application is frivolous. Under the circumstances, and without expressing any view on the merits of the issue, we deem it best to remand this case to the BIA for reconsideration in the light of the standards it will develop in *Liu.*

Accordingly, the petition for review is DENIED in part and GRANTED and REMANDED in part. The pending motion for a stay of removal in this petition is DENIED as moot.